## 14302. FREEMAN *v.* THE STATE.

That the person contracted with as landlord may not have had fee-simple title to the land which another contracted to cultivate as cropper would not prevent a conviction of the cropper of the offense of selling or disposing of a part of the crop without the consent of the landlord and before division and payment for advances, under section 729 of the Penal Code (1910).

There was evidence to authorize the verdict.

DECIDED APRIL 10, 1923.

Indictment for sale of crop by cropper; from Laurens superior court — Judge Kent. January 6, 1923.

*W. A. Dampier,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.

LUKE, J. The defendant was convicted of the offense of selling and disposing of a part of the crop grown by him without the consent of the landlord, during the time of the relation of landlord and cropper, before the crops had been divided and payment in full for all advances had been made. Penal Code (1910), § 729. There was evidence to authorize the verdict. The fact that the landlord may not have had fee-simple title to the premises upon which the crop was raised would not serve to change the relationship of landlord and cropper. The evidence was positive that the defendant contracted with the landlord and occupied the premises as the cropper of the landlord. The State had to go no further in its proof for the purpose of establishing the relationship of landlord and cropper. The trial judge having approved, the verdict, it was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

---

## 14304. FOSKEY *v.* THE STATE.

A conviction of being drunk on a public highway was not authorized in this case.

DECIDED APRIL 10, 1923.

Accusation of drunkenness on highway; from city court of Wrightsville — Judge Moye. December 23, 1922.

From the evidence it appears that the defendant was one of a party of three who went in a buggy on the public highway to the

house of one Hall.  They were talking loud, and two of them were cursing.  One of them was drunk or sick and unable to walk, and fell and vomited on getting out of the buggy at Hall's house.  This one, according to the testimony of Hall, was not the defendant.  Hall testified that he smelled whisky on the defendant, but that the defendant did not appear to be drunk, and there was no misconduct on his part at Hall's house.  Another witness testified that he saw the defendant and the others in the buggy on the public road, and " took defendant to be drinking, and heard him say to one of the other parties in the buggy to ' go to hell;' " that the defendant was sitting in the middle, holding to the dashboard, and this was the main reason that he thought that the defendant was drunk.  The other witnesses who saw the persons in the buggy testified that they could not say that the defendant was drunk or misconducted himself.  In his statement at the trial he denied that he was drunk or drinking, or cursing or talking loud.

B. B. Blount, for plaintiff in error.

BROYLES, C. J.  The defendant was charged with being drunk upon a public highway.  The evidence did not authorize his conviction, and the court erred in overruling his motion for a new trial.  Judgment reversed.  Luke and Bloodworth, JJ., concur.

---

13772, 13773.  SUTHERLAND et al. v. TERRELL, executrix; and vice versa.

BLOODWORTH, J.  In the cross-bill of exceptions in this case error is assigned on the overruling of the demurrer to the petition.  The petition, properly construed, is a suit for damages for the breach of a parol contract for the sale of land, and, as there are no facts alleged which bring the case within any of the exceptions to the statute of frauds, the court erred in overruling the demurrer, which raised this issue.

This ruling is controlling on the case as a whole, and under it the judgment overruling the demurrer must be reversed; and we are not required to consider the main bill of exceptions.

Judgment on cross-bill of exceptions reversed; main bill of exceptions dismissed.  Broyles, C. J., and Luke, J., concur.

DECIDED APRIL 11, 1923.  REHEARING DENIED MAY 17, 1923.

Complaint; from Whitfield superior court — Judge Tarver.  April 8, 1923.

Application for certiorari was denied by the Supreme Court.